IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDELL JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CASE NO.   11-CV-580-WDS |
| | ) |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |
| | ) |

# ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion for an extension of time to file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, or to file a traverse[1] to the government's response (Doc. 25).   Petitioner filed an additional motion for extension of time making the same requests, but for a longer extension, on February 27, 2013 (Doc. 26).   The government has not filed a response to either motion.

Petitioner's counsel seeks an extension based upon the fact that counsel was appointed on December 17, 2012 and entered his appearance on December 19, 2012, and needs additional time beyond the December 24, 2012 deadline to adequately review the trial and appellate records, obtain transcripts, gather records, and prepare the pleading.   Counsel also has previously scheduled work related out-of-district travel and seeks an extension on this premise as well. Finally, counsel is also arranging for an interview of the petitioner.   Petitioner's counsel initially requested an extension until March 4, 2013, but in his later motion, asks for an extension until July 8, 2013.

Pursuant to the Rules Governing Section 2255 Proceedings, Rule 12, "[t]he Federal Rules

---

[1] Petitioner's counsel appears to use the word "traverse" interchangeably with "reply."

of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." "An amended habeas petition, . . . , does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Under Fed. R. Civ. P. 15(c)(2), once a responsive pleading has been filed, a prisoner may amend the petition 'only by leave of court or by written consent of the adverse party.'" *Id*. at 663 (quoting Fed. R. Civ. P. 15(a)).

Petitioner has already filed his original petition (Doc. 1), and fourteen other documents including numerous motions to supplement and amend, an affidavit, exhibit, response to the Court's Order directing the government to respond, a motion to expand the record, a reply to the government's response, and two supplements to that reply (See Docs. 2-6, 8, 9, 12-15, 19, 20, 22 ). Although the Court has not yet ruled on all of petitioner's motions to supplement or amend, it has already granted some of them and directed the government to respond to the others. Furthermore, the government has already filed its response, consisting of a twenty page memorandum and 76 pages of exhibits, and undoubtedly expended time and resources in doing so. In light of this, allowing further amendment at this point in the proceedings, after the government has responded to all of petitioner's previously submitted materials, is too much.

Upon review of the record, petitioner's counsel's motions (Docs. 25, 26) are **GRANTED IN PART and DENIED IN PART** as follows: petitioner's counsel's request to further amend the petitioner's already repeatedly amended and supplemented claims is **DENIED.** In light of counsel's recent appearance on petitioner's behalf, and the lack of opposition from the government, the Court **GRANTS** petitioner's counsel's request for extension of time to file an amended reply, and the amended reply shall be filed **on or before July 8, 2013.** In light of the

fact that petitioner is now represented by counsel, petitioner may not file pleadings pro se.  All pleadings must be filed by counsel.  Accordingly, the Court **STRIKES** petitioner's pro se reply and supplements thereto (Docs. 19, 20, 22).  The Court will, however, allow petitioner's counsel to incorporate meritorious arguments from those stricken pleadings in his amended reply.

**IT IS SO ORDERED.**

**DATE: March 1, 2013**

                                      **/s/   WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**